IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ANGEL SULLIVAN, individually and d/b/a MOVICELL LATINO BOOST, <br><br> Defendant. | Case No.: 1:12-cv-00737 AWI JLT <br><br> ORDER ADOPTING IN PART THE FINDINGS AND RECOMMENDATION GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT <br><br> (Doc. 15) |

J & J Sports Productions, Inc. ("Plaintiff") seeks the entry of default judgment against Defendant Angel Sullivan, individually and doing business as Movicell Latino Boost ("Defendant"). (Doc. 10).

On December 5, 2011, the Magistrate Judge recommended Plaintiff's application for default judgment be granted in part, and recommended an award of $11,000 for Defendant's violation of the Communications Act and conversion. (Doc. 15 at 9). The Findings and Recommendations contained a notice that any party may file objections within fourteen days of service, or by December 19, 2012. Id. However, none were filed.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and Britt v. Simi Valley United School Dist., 708 F.2d 452, 454 (9th Cir. 1983), this Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the Court agrees that default judgement is appropriate, but respectfully disagrees that an $11,000 award is appropriate.

There is no evidence that Defendant is a repeat offender, the fight in question was broadcast over a single 19" monitor, the establishment sells mobile telephones, no cover charge occurred, no food or beverages were sold,[1] it does not appear that the fight was promoted, and the facility is little more than a kiosk.  The evidence indicates that seats were set out in front of the kiosk and 15 people appeared to be observing the fight.  Given these considerations, the Court will award damages of $3,500.00.  Cf. Joe Hand Promotions v. Williams, 2011 U.S. Dist. LEXIS 138247 (E.D. Cal. Dec. 1, 2011) (awarding $3,300 in damages where between 17 and 25 patrons were present at a small pizza restaurant that had three 36" televisions). Considering the nature and size of the Defendant's business, and in particular that Defendant appears to be a first time offender, the Court believes that $3,500 reasonably compensates Plaintiff and reasonably deters Defendant.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Findings and Recommendations filed December 5, 2012 (Doc. 15) are **ADOPTED IN PART**, as discussed above;

2. Plaintiff's request for damages in the violation of the Communications Act and conversion is GRANTED in the amount of $3,500.00; and

3. Plaintiff's counsel SHALL submit a proposed form of judgment consistent with this decision within ten (10) days following the date of electronic service of this decision.

IT IS SO ORDERED.

Dated:   December 21, 2012

UNITED STATES DISTRICT JUDGE

---

[1] The potential for commercial benefit of unlawfully showing a pay per view sporting event to an establishment that serves food and beverages would seem to be significantly greater than an establishment that only sells mobile telephones.

2